Filed 7/17/14  P. v. Birdon CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073981 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F07632) |
| v. | |
| JARRAY DELMAR BIRDON, | |
| Defendant and Appellant. | |

A jury found defendant Jarray Delmar Birdon guilty of assault with a gun, criminal threats, and being a felon in possession of a gun.  It also sustained allegations of personal use of the gun.  Defendant admitted a recidivist allegation.  The trial court sentenced defendant to state prison.

On appeal, defendant contends only that the trial court erroneously denied his postverdict motion to discharge counsel and represent himself.  We affirm.

Notwithstanding the lengthy factual recitations in the briefing, the nature of the argument on appeal does not require us to relate the facts that underlie defendant's convictions. We thus note only that the October 2011 offenses arose out of a heated dispute at the home of a sister, in whose converted garage he stayed from time to time and kept his belongings, over defendant's noncompliance with rules she had set for him. We will incorporate the facts pertinent to this appeal in the Discussion.

## DISCUSSION

Prior to the date set for sentencing, defendant had filed what appears to be a form motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 for substitution of appointed counsel. Its allegations are not pertinent. At the scheduled hearing, the court continued the matter of sentencing and entertained the motion in camera.

We do not need to relate the substance of the hearing. At its conclusion, the trial court denied the motion. Defendant then immediately announced, "I wanted a *Faretta* motion to represent myself." The court responded, "*I'm not going to entertain that right now* because a . . . motion to represent oneself has to be really unequivocal. And very often I see that when I deny a *Marsden* motion[,] [t]he immediate reaction is, well, if I can't get a new attorney, I'll just represent myself. So I want you to just think about it, *but I'm very happy to entertain that motion on the day of sentence.* [¶] If you want to represent yourself on the day of sentence, make sure you are prepared to go forward on that day." (Italics added.) When defense counsel and defendant indicated that his desire to represent himself was based on his desire to file a motion for a new trial, which defense counsel did not think was warranted, the trial court told defendant to have that motion ready as well if he still wanted to represent himself.

At the sentencing hearing, defendant did not raise the issue of either motion— to represent himself or for a new trial. After he admitted the recidivist allegation, defense

2

counsel unsuccessfully invited the trial court to strike it, and the court thereafter imposed sentence.

Defendant contends these facts demonstrate an unequivocal desire to represent himself, triggering the trial court's duty to consider the factors relevant to the exercise of its discretion to grant the request after the commencement of trial. (*People v. Windham* (1977) 19 Cal.3d 121, 127-129; cf. *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562] [*absolute* right to represent oneself if unequivocal request made reasonably before trial].) However, defendant does not cite any authority requiring a trial court to consider a request for self-representation *immediately*, rather than giving time for a defendant to consider whether to renew the request and considering the merits at *that* time. While defendant claims to be unaware of any authority for a trial court to postpone ruling on the merits, *People v. Marshall* (1997) 15 Cal.4th 1 noted that a trial court should determine whether a request is insincere or "made under the cloud of emotion" as part of its analysis of the unequivocal nature of the request. (*Id.* at p. 21.) Thus, where a defendant is upset about the nature of an unrelated ruling (and counsel's participation in it), the trial court is entitled to go "beyond determining that some of defendant's words amount to a motion for self-representation. The court should evaluate all of a defendant's words and conduct to decide whether he or she truly wishes to give up the right to counsel . . . unequivocally . . . ." (*Id.* at pp. 25-26.) Indeed, a trial court is supposed to indulge every reasonable inference *against* a defendant's waiver of the right to counsel. (*Id.* at p. 20; accord, *People v. Dunkle* (2005) 36 Cal.4th 861, 908 (*Dunkle*).) Implicit in these holdings is discretion to give a defendant a chance to "think it over" if the request otherwise appears rash to the trial court.

After all, it is proper to deny a request for self-representation *outright* that is made immediately after the denial of a motion for substitution of counsel, on the ground that it is the product of a defendant's frustration rather than sincere intent. (*People v. Valdez*

(2004) 32 Cal.4th 73, 99 [making single reference to desire to represent self after denial of motion to substitute counsel properly considered to be impulsive reaction rather than sincere request]; *People v. Scott* (2001) 91 Cal.App.4th 1197, 1206.)  Accordingly, *delaying* a ruling cannot violate a defendant's rights.

*People v. Carlisle* (2001) 86 Cal.App.4th 1382, 1390, first cited in defendant's reply brief, is inapposite because the defendant had engaged in a *four-month* campaign to represent himself.  In the other case appearing in his reply brief (*People v. Robinson* (1997) 56 Cal.App.4th 363, 367, 372-373), we found that the trial court impermissibly focused on the defendant's *ability* to represent himself (when he announced he wanted to represent himself rather than accept a continuance for the appointment of new counsel); we noted in passing that in the circumstances of that case the defendant's request otherwise did not appear to be ill-considered.  We did not purport to establish any principle as a matter of law that would control in the present case.

We also reject defendant's characterization of the trial court's exchange with defendant as off-putting and expressing "evident disapproval."  The quoted passages above, to the contrary, manifest the trial court's willingness to grant the request and allow a motion for a new trial once defendant had an opportunity to reflect.  This is a far cry from the case cited by defendant, *People v. Dent* (2003) 30 Cal.4th 213, 219 (categorical denial of request for self-representation in death penalty murder trial, coupled with directive not to speak, communicated to the defendant that any renewal of request would be futile).

Therefore, the trial court properly postponed ruling on the request.  Defendant's subsequent failure to renew his request both abandoned the issue (*Dunkle*, *supra*, 36 Cal.4th at pp. 909-910) and lends further support to the trial court's suspicion that defendant's earlier request was not in fact unequivocal.

4

## DISPOSITION

The judgment is affirmed.

                                                           BUTZ , J.

We concur:

NICHOLSON , Acting P. J.

MURRAY , J.

5